## CALDWELL v. CALDWELL CO.

### (Supreme Court, Appellate Term. June 28, 1905.)

COUNTERCLAIM—EVIDENCE—ADMISSIONS.

Proof that an employé suing for compensation had stated that during his employment he drew moneys "from time to time as shown by" an account produced as a counterclaim is not proof of an admission of the correctness of the account, but proof merely that he drew money in the manner shown by the account, and, in the absence of other evidence showing the correctness of the account, the counterclaim is not proved.

Appeal from City Court of New York, Trial Term.

Action by Henry L. Caldwell, Jr., against the Caldwell Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See 88 N. Y. Supp. 970.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Cantwell & Moore, for appellant.

Steuer & Hoffman, for respondent.

SCOTT, P. J. It is extremely doubtful whether the notice of appeal brings anything up for review. The appeal is taken from a judgment described as having been entered in the office of the "clerk of the city of New York on the 20th day of February, 1905." The only judgment printed in the record is one entered in the office of "the clerk of the City Court of the City of New York on the 16th day of February, 1905." The notice of appeal also states that an appeal is taken from an order denying a motion for a new trial entered on the 27th day of February, 1905, while the only order of that description contained in the record appears to have been entered on the 16th day of February, 1905. As to the renewal of the contract, the jury, on a sharp conflict of evidence, found for the plaintiff. It is true that the plaintiff's version of his conversation with Derbyshire in March, 1903, did not correspond in every particular with a version given on the former trial as shown by the minutes, but the discrepancy was pointed out and dwelt upon at the trial, so that the jury must have taken it into consideration in finding for the plaintiff. As to the counterclaim, the defendant's evidence was clearly insufficient. An account was produced. No attempt was made to prove the correctness of the account, and the defendant's main reliance seems to be a statement by plaintiff that "during all the time that I was in their employ I drew the moneys from time to time as shown by the account." This is claimed to be an admission by plaintiff of the correctness of the account. We do not so understand it. Its reasonable construction appears to be merely a statement that he drew moneys from time to time which were charged against him in the manner shown by the account. Furthermore, the plaintiff was entitled to a share in the profits, and it appears that up to October 1, 1902, the profits amounted to upwards of $4,000. What profits were made thereafter does not appear, and it might well be that upon an accounting it would appear that plaintiff's share of the profits down to the time of his discharge, with his share of the profits to October 1, 1902, not ap-

parently credited on his account, would more than equal the over-draft. Upon the whole case, we think that the judgment should not be disturbed.

Judgment affirmed, with costs.

MacLEAN, J., concurs. DUGRO, J., taking no part.